**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Abraham SALAMANCA, Defendant-**
**Appellant.**

**No. 16-30187**

United States Court of Appeals,
Ninth Circuit.

Submitted May 8, 2017 *

Filed May 11, 2017

Thomas John Hanlon, Assistant U.S. Attorney, United States Attorney's Office, Yakima, WA, for Plaintiff-Appellee

Jeremy B. Sporn, Assistant Federal Public Defender, FDWAID—Federal Defenders of Eastern Washington, Yakima, WA, for Defendant-Appellant

Before: REINHARDT, LEAVY, and NGUYEN, Circuit Judges.

MEMORANDUM **

Abraham Salamanca appeals from the district court's judgment and challenges the 30-month term of supervised release imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Salamanca contends that his supervised release term is substantively unreasonable in light of his lengthy period of compliance

---

ed by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

during his prior term of supervised release and because it will not promote his rehabilitation. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The term of supervised release is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Salamanca's repeated violations. *See Gall*, 552 U.S. at 51, 128 S.Ct. 586. Furthermore, contrary to Salamanca's contention, the record reflects that the district court considered only proper sentencing factors. *See United States v. Miqbel*, 444 F.3d 1173, 1182 (9th Cir. 2006).

AFFIRMED.

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.